IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BILLY RAY HENDERSON, 1192971,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-286-K |
| | ) | |
| **RICHARD THALER, Director, Texas** | ) | |
| **Dept. Of Criminal Justice, Correctional** | ) | |
| **Institutions Division,** | ) | |
| Respondent. | ) | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court.  The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

## I.  Parties

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  Respondent is Rick Thaler, Director of TDCJ-CID.

## II.  Background

On September 4, 2003, Petitioner was convicted of delivery of a controlled substance, cocaine, in an amount of one gram or more but less than four grams.  *State of Texas v. Billy Ray Henderson*, No. F-0334709-UW (363rd Dist. Ct., Dallas County, Tex., Sept. 4, 2003).  Petitioner's conviction was enhanced by two prior felonies.  The jury sentenced him to life in prison.

On July 1, 2004, Petitioner's conviction and sentence was affirmed on direct appeal. *Henderson v. State*, No. 06-03-00221-CR (Tex. App. – Texarkana, 2004). On August 15, 2005, Petitioner filed a state habeas petition arguing he was denied the right to appeal because he was unable to sufficiently review the trial record. *Ex parte Henderson*, No.64,980-01. On April 25, 2007, the Court of Criminal Appeals granted Petitioner permission to file an out-of-time appeal.

On December 20, 2007, the Sixth Court of Appeals again affirmed Petitioner's conviction and sentence. *Henderson v. State*, No. 06-03-0021-CR (Tex. App. – Texarkana, 2007, pet. ref'd). On May 14, 2008, the Court of Criminal Appeals refused Petitioner's petition for discretionary review. On June 25, 2008, the Court of Criminal Appeals denied Petitioner's motion for rehearing.

On July 20, 2009, Petitioner filed a state habeas application. *Ex parte Henderson*, No.64,980-02. On November 18, 2009, the Court of Criminal Appeals denied the application without written order on the findings of the trial court.

On February 15, 2011, Petitioner filed the instant § 2254 petition. On July 18, 2011, Respondent filed his answer arguing, in part, that the petition is barred by limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time-barred.

## III.  Discussion

### A.  Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas

proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1]

On June 25, 2008, the Texas Court of Criminal Appeals denied Petitioner's motion for rehearing of the denial of his petition for discretionary review. The conviction became final ninety days later, on September 23, 2008. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell,* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues). Petitioner then had one year, or until September 23, 2009, to file his federal petition.

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**      Page -3-

U.S.C. § 2244 (d)(2). On July 20, 2009, Petitioner filed a state habeas petition. The state petition tolled the limitations period until November 18, 2009, when the Court of Criminal Appeals denied the petition. Thus, the petition tolled the limitations period for 122 days. When 122 days are added to the September 23, 2009, limitations date, the new date became January 25, 2010. Petitioner, however, did not file his § 2254 petition until February 15, 2011. The petition is therefore untimely.

**B.    Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has raised no claim that he is entitled to equitable tolling. He has also not shown that he diligently pursued his habeas remedies. *See Coleman,* 184 F.3d at 402 (stating that for equitable tolling to apply, the applicant must diligently pursue habeas corpus relief). Petitioner has not established rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 3rd  day of January, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).